UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | CASE NO: 25-01270-eg |
| SERGEY ANATOLIEVICH PIKALOV, | CHAPTER 13 |
| DEBTOR. | |
| | NOTICE OF HEARING |

NOTICE OF MOTION FOR ORDER CONFIRMING VEHICLES ARE NOT PROPERTY OF THE ESTATE OR, IN THE ALTERNATIVE, RELIEF FROM THE AUTOMATIC STAY

Volvo Financial Services, a division of VFS US LLC has filed papers with the court seeking an order that certain Vehicles are not property of the bankruptcy estate or, in the alternative, for relief from the automatic stay.

**Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in motion, or if you want the court to consider your views on the motion, then within fourteen (14) days of service of this notice, you or your attorney must:

File with the court a written response, return, or objection at:

> 1100 Laurel Street
> Columbia, SC 29201

Responses, returns, or objections filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response, return, or objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

> Jason D. Wyman, Esq.
> Womble Bond Dickinson (US) LLP
> 550 South Main Street, Suite 400
> Greenville, SC  29601

Attend the hearing scheduled to be heard on July 15, 2025, at 10:30 A.M. at the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201.

1

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief prior to the scheduled hearing date, if determined to be appropriate.

/s/ Jason D. Wyman
Jason D. Wyman (Federal I.D. No. 11294)
WOMBLE BOND DICKINSON (US) LLP
550 South Main Street, Suite 400
Greenville, SC  29601
T: (864) 225-5400
F: (864) 255-5440
E: jason.wyman@wbd-us.com

June 10, 2025

*Counsel for Volvo Financial Services, a division of VFS US LLC*

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:

SERGEY ANATOLIEVICH PIKALOV,

DEBTOR

CHAPTER 13

CASE NO. 25-01270-eg

### MOTION FOR ORDER CONFIRMING VEHICLES
### ARE NOT PROPERTY OF THE ESTATE OR,
### IN THE ALTERNATIVE, RELIEF FROM THE AUTOMATIC STAY

Volvo Financial Services, a division of VFS US LLC ("VFS"), by and through counsel, moves this court for an Order confirming the below-referenced Vehicles are not property of the estate or, in the alternative, granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Bankruptcy Rules of Procedure. In support of its Motion for Order Confirming Vehicles Are Not Property of the Estate or, in the Alternative, Relief From the Automatic Stay  (the "Motion"), VFS shows unto the court as follows:

### JURISDICTION

1.      This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the District of South Carolina.

2.      Sergey Anatolievich Pikalov (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code on April 3, 2025 (the "Petition Date").

### FACTUAL BACKGROUND AND BASIS FOR REQUESTED RELIEF

3.      VFS is the holder of a Credit Sales Contract Security Agreement dated February 1, 2024, executed by AIT Transport Inc. ("AIT Transport") in favor of VFS in the original amount

3

of $501,317.40 (as amended, modified and/or renewed from time to time, the "Contract").  The

purpose of the Contract was to finance the purchase of two (2) 2025 Volvo VNL64T860 trucks,

VIN Nos. 4V4NC9EH2SN660213 and 4V4NC9EH4SN660214 (the "Vehicles").  A true and

accurate copy of the Contract is attached hereto and incorporated herein as **Exhibit "A"**.

4.  To perfect its interest in the Vehicles, VFS notated its lien on each of the Vehicle's

certificate of title with the State of South Carolina, title nos. 772010457998331A and

772010457996913A (the "Certificates of Title"). True and accurate copies of the Certificates of

Title are attached hereto and incorporated herein as **Exhibit "B"**.

5.  On February 1, 2024, Debtor executed a guaranty agreement by which he

personally guaranteed all present and future obligations of AIT Transport (the "Guarantee"). A

true and accurate copy of the Guarantee is attached hereto as **Exhibit "C."**

6.  The Debtor identified VFS as a secured creditor in Section 2.5 on Schedule D (Dkt.

13).

7.  Upon information and belief, AIT Transport has been and remains the owner of the

Vehicles and as such, the Vehicles are not property of the bankruptcy estate under 11 U.S.C. §

541(a). However, the Debtor lists VFS as a secured creditor and references the Vehicles under

Schedule D.

8.  Because the Vehicles are owned by AIT Transport and not the Debtor, VFS

requests an order confirming that the automatic stay imposed by 11 U.S.C. § 362(a) is not in effect

as to the Vehicles as they are not property of the estate.

9.  Alternatively, if the Court determines the Vehicles are property of the Debtor's

estate, VFS asserts it is entitled to relief from the automatic stay for cause, as VFS has received no

payments for the Vehicles since the Petition Date.

4

10. Prior to the Petition Date, AIT Transport defaulted under the Contract by failing to make timely payments to VFS pursuant to the terms of the Contract.

11. As of the Petition Date, the amount due and owing under the terms of the Contract is $387,408.81. The Contract is past due in the amount of $36,035.92.

12. Upon information and belief, the value of VFS's collateral is $330,000.00, significantly less than the outstanding balance due under the Contract. Therefore, there is no equity in the Vehicles.

13. As a result of the AIT Transport's default under the Contract and Debtor's default under the Guarantee, VFS is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause because AIT Transport and Debtor have failed to provide adequate protection for VFS's interest, there is substantial risk of continuing loss to or diminution of the Vehicles, and the Vehicles are not necessary for the Debtor's successful reorganization.

14. Cause exists for relief from the automatic stay under 11 U.S.C. § 362(d)(2) because there is no equity in the Vehicles and the Vehicles are not necessary to an effective reorganization.

15. If VFS is not granted relief from stay and permitted take possession of the Vehicles, VFS will suffer irreparable injury, loss, and damage by virtue of the decreasing value of the Equipment and the estate.

16. Because the Vehicles must be maintained and sold promptly to maximize their value, sufficient cause exists to waive the requirements of Rule 4001(a)(4) such that the order granting relief from the automatic stay will be effective upon entry by the Court.

WHEREFORE, VFS prays for the Court to grant the following relief:

1. To enter an order confirming that the automatic stay is not in effect as to the Vehicles as they are not property of the estate; or

2.      In the alternative, to enter an Order modifying the automatic stay imposed by 11 U.S.C. § 362(a) to allow VFS to recover and liquidate the Vehicles under the terms of its loan documents and in accordance with applicable state law;

3.      To waive the requirements of Rule 4001(a)(4) such that the order granting relief from the automatic stay will be effective upon entry by the Court;

4.      To award VFS reimbursement of its attorney's fees and costs to be added to the balance of its claim; and

5.      To grant such other and further relief as the court deems just and appropriate.

Dated:  June 10, 2025

/s/ Jason D. Wyman
Jason D. Wyman (Federal I.D. No. 11294)
WOMBLE BOND DICKINSON (US) LLP
550 South Main Street, Suite 400
Greenville, SC  29601
T: (864) 225-5400
F: (864) 255-5440
E: jason.wyman@wbd-us.com

*Counsel for Volvo Financial Services,*
*a division of VFS US LLC*

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under penalty of perjury that he is over eighteen (18) years of age and that a copy of the

**NOTICE OF HEARING
AND
MOTION FOR ORDER CONFIRMING VEHICLES
ARE NOT PROPERTY OF THE ESTATE OR,
IN THE ALTERNATIVE, RELIEF FROM THE AUTOMATIC STAY**

was this day served upon the below-named persons, parties, and/or counsel by depositing a copy thereof in the United States Mail, First Class, postage prepaid, to the addresses shown below, or by CM/ECF:

Sergey Anatolievich Pikalov
619 Meadow Grass Lane
Lexington, SC 29072
*Debtor*

Jason T. Moss
Attorneys for Debtor
*Via CM/ECF*

Onslow Bay Financial LLC
c/o MCCALLA RAYMER LEIBERT PIERCE, LLP
Bankruptcy Department
1544 Old Alabama Road
Roswell, GA 30076
*Via CM/ECF*

Dawn M. Hardesty
Trustee
*Via CM/ECF*

Office of the United States Trustee
*Via CM/ECF*

June 10, 2025

/s/ Jason D. Wyman
Jason D. Wyman (Federal I.D. No. 11294)
WOMBLE BOND DICKINSON (US) LLP

7