**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA (Columbia)**

IN RE:

**Sergey Anatolievich Pikalov**
*aka* Sergey A Pikalov
*aka* Sergey Pikalov
SSN / ITIN: xxx-xx-9019

**619 Meadow Grass Lane**
**Lexington, SC 29072**
**LEXINGTON-SC**

CASE NO:   25-01270-eg

CHAPTER: 13

Debtor.

**NOTICE OF OBJECTION TO CLAIM**

**Sergey Anatolievich Pikalov** has filed an objection to your claim in this bankruptcy case.

<u>**Your claim may be reduced, modified, or eliminated**</u>. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to eliminate or change your claim, then within (30) <u>thirty days</u> of service of this notice, your or your lawyer must:

File with the court a written response to the objection, explaining your position, at:

1100 Laurel Street
Columbia, SC 29201

Responses filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

**Jason T. Moss, Esq. Moss & Associates, Attorneys, P.A.**, *Attorney for Debtor*, 816 Elmwood Avenue Columbia, SC 29201; and
**Sergey Anatolievich Pikalov; 619 Meadow Grass Lane, Lexington, SC 29072.**

Attend the hearing on the objection, scheduled to be heard on **April 14, 2026, at 10:30 A.M.**. at the United States Bankruptcy Court, District of South Carolina, 1100 Laurel Street, Columbia, SC 29201.

If no response is timely filed and served, no hearing will be held on this objection, except at the direction of the judge.  If you or your attorney do not take these steps, the court may decide

that you do not oppose the objection to your claim and may enter an order granting that relief prior to the scheduled hearing date, if determined to be appropriate.

Dated: February 27, 2026

/s/ Jason T. Moss
Jason T. Moss
MOSS & ASSOCIATES, P.A.
Attorney for Movant/Movant
Dist. Ct. No. 7240
816 Elmwood Avenue
Columbia, SC 29201
(803) 933-0202

Address of the Court:
United States Bankruptcy Court
District of South Carolina
1100 Laurel Street
Columbia, SC 29201-2423

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA (Columbia)**

IN RE:

**Sergey Anatolievich Pikalov**
*aka* Sergey A Pikalov
*aka* Sergey Pikalov
SSN / ITIN: xxx-xx-9019

**619 Meadow Grass Lane**
**Lexington, SC 29072**
**LEXINGTON-SC**

Debtor.

CASE NO:   25-01270-eg

CHAPTER: 13

**DEBTOR'S OBJECTION TO PROOF OF CLAIM(S) FILED BY Volvo Financial**
**Services, a division of VFS US, LLC**

The undersigned counsel, Moss & Associates, Attorneys P.A., (hereinafter "Counsel"), on behalf of Sergey Anatolievich Pikalov (hereinafter "Debtor"), pursuant to Fed. R. Bankr. P. 3007, files an objection to the proof of claim(s) filed by Volvo Financial Services, a division of VFS US, LLC (hereinafter "VFS"). As grounds for this objection, the undersigned hereby states as follows:

1.     On April 3, 2025, Debtor commenced this case by filing a voluntary petition with the United States Bankruptcy Court, District of South Carlina for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 *et. seq*.

2.     VFS filed a proof of claim, Claim No. 9-1, on June 6, 2025 ("Claim 9-1") in the amount of $387,408.81 pursuant to a Credit Sales Contract Security Agreement dated February 1, 2024, executed by AIT Transport, Inc. ("AIT Transport") in favor of VFS in the original amount of $501,317.40 (the "Contract"). The Contract financed the purchase of two (2) 2025 Volvo VNL64T860 trucks, VIN Nos. 4V4NC9EH2SN660213 and 4V4NC9EH4SN660214 (the "Vehicles"). VFS perfected its interest in the Vehicles by notating liens held by VFS on each of the Vehicles' certificate of titles with the State of South Carolina; title nos. 772010457998331A and 772010457996913A. VFS further attached an executed guaranty agreement signed by Debtor by which he personally guaranteed all present and future obligations on behalf of AIT Transport.

3.     On June 10, 2025, VFS filed an Objection to Confirmation of Plan followed by a Motion for Relief filed on that same day pertaining to the secured collateral – two (2) 2025 Volvo VNL64T860 trucks, VIN Nos. 4V4NC9EH2SN660213 and 4V4NC9EH4SN660214. In its

objection, VFS indicated it should not have been treated as a secured creditor in Section 2.5 of Debtor's Schedule D. Instead, VFS asserted it was not a secured creditor of Debtor, but rather an unsecured creditor by virtue of the Guarantee executed on February 1, 2024. Additionally, VFS objected to the valuation of the claim that reduced the secured portion of the claim to $150,000.00 be paid in installments over the life of the Plan at 9% interest per annum. Finally, VFS asserted the Debtor was not permitted to use his Chapter 13 Plan to modify its rights under the Contract as to AIT Transport as nothing in 11 U.S. §1132 would allow Debtor to modify VFS's right as to the indebtedness of a non-debtor, AIT Transport, and that the Guarantee is a separate and distinct indebtedness that is wholly unsecured. ECF No(s). 17; 18.

4.      Moreover, the Motion for Relief from Stay further indicated the Vehicles are owned by AIT Transport and not the Debtor and as such the automatic stay imposed by 11 U.S.C. §362(a) would not be in effect as to the Vehicles as they would not be considered property of the Debtor's bankruptcy estate.

5.      The parties thereafter reached a proposed settlement as to the objection of the confirmation of the plan and as to the Motion for Relief from Stay, as evidenced by filing of a Proposed Consent Order filed on July 9, 2025, by counsel for VFS. ECF No.(s) 27; 28.

6.      Pursuant to the consent order, the settlement of the Objection to the Chapter 13 Plan filed by VFS would be resolved/reflected in an Amended Chapter 13 Plan to be filed by the Debtor. VFS then filed a Consent Order Confirming that the Vehicles are not Property of the Estate on July 11, 2025. ECF No. 31.

7.      Debtor subsequently filed Amended Schedules and a Modified Chapter 13 Plan - Conduit on September 9, 2025. ECF No(s). 36; 37.

8.      A confirmation hearing was held on November 18, 2025, with an Order Confirming the Chapter 13 Plan – Conduit entered on that same day. ECF No(s). 41; 42.

9.      The Debtor's Modified Chapter 13 Plan- Conduit removed the Vehicles from being listed as Property of the estate with language listed in the plan under 8.1(B) referencing 3.1(E): Volvo Financial Services – Debt to be treated by Debtor's business, AIT Transport, Inc.

10.      Effectively, Debtor's Modified Chapter 13 - Conduit Plan as confirmed by the Court affirmed the Vehicles are _not_ (emphasis added) Property of Debtor's bankruptcy Estate under 11 U.S.C. §541(a). Thus, as the Vehicles are owned by AIT Transport and not the Debtor, the

parties agreed that the automatic stay imposed by 11 U.S.C. §362(a) was and is not in effect as to the Vehicles.

11.     Finally, Debtor has since surrendered the Vehicles to VFS and is no longer in possession of the Vehicles. At the time of surrender, the Vehicles were in excellent condition and had little to no wear and tear and minimal mileage for similar age, make, and model vehicle(s).

12.     Accordingly, it is Debtor's contention that the proof of claim, Claim No. 19-1, should not be attributed to Debtor, but instead is a debt of non-debtor, AIT Transport, and that the amount of the debt as notated in Claim No. 9-1 is a grossly inflated amount without taking into consideration the recovery of the intact collateral and possible resale value of said collateral to offset the high amount of the claim.

**WHEREFORE**, applicant requests the Court enter an order denying in whole, or in the alternative in part, Claim No. 9-1 as filed by creditor, Volvo Financial Services, a division of VFS US, LLC, and for such other and further relief as may be proper.

Respectfully submitted,

/s/ Jason T. Moss
Jason T. Moss (Dist. Ct. No. 7240)
MOSS & ASSOCIATES, P.A.
816 Elmwood Avenue
Columbia, SC 29201
(803) 933-0202
Attorney for Debtor

Columbia, South Carolina
Dated: February 27, 2026

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA (Columbia)**

IN RE:

**Sergey Anatolievich Pikalov**
*aka* Sergey A Pikalov
*aka* Sergey Pikalov
SSN / ITIN: xxx-xx-9019

**619 Meadow Grass Lane**
**Lexington, SC 29072**
**LEXINGTON-SC**

Debtor.

CASE NO:   25-01270-eg

CHAPTER: 13

**CERTIFICATE OF SERVICE**

I,  Lindsey Swann, the undersigned, do hereby certify that on February 27, 2026, I served on the persons below a copy of the attached Notice and Objection to Claim in the above-referenced case by either electronic mail in accordance with U.S. Bankruptcy Court, District of South Carolina, Operating Order 08-07, with respect to CM/ECF Participants, or depositing same in the United States Mail, on this date, with sufficient postage duly affixed, a return address clearly indicated on said envelope, and addressed as follows, with respect to all other persons:

Sergey Anatolievich Pikalov
619 Meadow Grass Lane
Lexington, SC 29072

Volvo Financial Services
P.O. Box 26131
Greensboro, NC 27402

Dawn M. Hardesty (via CM/ECF service)
Office of the Chapter 13 Trustee
250 Berryhill Road, Ste. 402
Columbia, SC 29210

U.S. Trustee's Office (via CM/ECF service)
Strom Thurmond Federal Building
1835 Assembly Street, Ste. 953
Columbia, SC 29201

Jason D. Wyman, Esq.; Counsel for Volvo Financial Services, a division of VFS US, LLC
Womble Bond Dickinson (US), LLP
550 South Main Street, Suite 400
Greenville, SC 29601
Email: jason.wyman@wbd-us.com

By: /s/ Lindsey J. Swann
MOSS & ASSOCIATES, ATTORNEYS P.A.
Lindsey J. Swann
816 Elmwood Avenue
Columbia, South Carolina 29201
(803) 933-0202
lindsey@mossattorneys.com

Columbia, South Carolina
Dated: February 27, 2026