**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| **IN RE:** | |
| **SERGEY ANATOLIEVICH PIKALOV** | **CHAPTER 13** |
| **DEBTOR** | **CASE NO. 25-01270-eg** |

### RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM

Now comes Volvo Financial Services, a division of VFS US LLC ("VFS"), by and through counsel, and responds to Debtor's Objection to Claim (the "Objection") as follows:

1.      VFS is the holder of a Credit Sales Contract Security Agreement dated February 1, 2024, executed by AIT Transport Inc. ("AIT Transport") in favor of VFS in the original amount of $501,317.40 (as amended, modified and/or renewed from time to time, the "Contract"). The purpose of the Contract was to finance the purchase of two (2) 2025 Volvo VNL647860 trucks, VIN Nos. 4V4NC9EH2SN660213 and 4V4NC9EH4SN660214 (the "Vehicles"). A true and accurate copy of the Contract is attached hereto and incorporated herein as **Exhibit "A"**.

2.      On February 1, 2024, Debtor executed a guaranty agreement by which he personally guaranteed all present and future obligations of AIT Transport (the "Guarantee"). A true and accurate copy of the Guarantee is attached hereto as **Exhibit "B".**

3.      On June 6, 2025, VFS filed a proof of claim in the amount of $387,408.81 representing the indebtedness under the Contract pursuant to the Guarantee ("Claim 9-1"). Claim 9-1 represents an unsecured claim.

4.      On May 2, 2025, the Debtor filed his Chapter 13 Plan (the "Plan"). (Dkt. 15).

1

5.      Despite 11 U.S.C. § 1322 not permitting the Debtor to modify the rights of a non-debtor, part 3.2 of the Plan proposed that VFS's claim be reduced to $150,000.00 and paid in installments over the life of the Plan at 9% interest per annum as if it was being "crammed down" under 11 U.S.C. § 1325(a)(5)(B).

6.      On June 10, 2025, VFS objected to the Plan based on Debtor's impermissible modification of VFS's rights against AIT Transport, a third-party (the "Plan Objection").

7.      As set out in the Plan Objection, § 1325 does not allow a debtor to modify the rights of VFS as to the indebtedness of a third-party non-debtor.

8.      On June 10, 2025, VFS also filed a Motion for Order Confirming Vehicles are not Property of the Estate or, in the Alternative, Relief from the Automatic Stay contending that, despite Debtor's recitation of the Vehicles on his schedules, that the Vehicles were property of AIT Transport, not the Debtor, and thus not of the estate (ECF No. 18).

9.      On July 11, 2025, the Court entered the Consent Order Confirming Vehicles are not Property of the Estate (the "Order") (ECF No. 31).

10.     Following the entry of the Order, VFS repossessed and liquidated the Vehicles.

11.     On March 17, 2026, VFS filed an amendment to Proof of Claim 9-1 (the "Amended POC") amending the amount owed under the Contract and Guarantee to $121,956.56, which reflects the balance owed under the Contract pursuant to the Guarantee after the liquidation of the Vehicles.

12.     Debtor objects to VFS's claim and asserts that, since AIT Transport surrendered the Vehicles and the Vehicles were liquidated, that VFS is not entitled to an unsecured claim for the deficiency under the Contract and Guarantee.

13.     The Debtor's obligation under the Contract and Guarantee are entirely separate from AIT Transport's obligation under the Contract. VFS's claim against the Debtor has always been as guarantor of the total sum due under the Contract pursuant to the Guarantee.

14.     Debtor's emphasis on the Vehicles not being property of the estate (Obj. ¶ 10) rings hollow. Whether the Vehicles were property of the estate is immaterial to VFS rights to distribution as an unsecured creditor under the Guarantee.

15.     Debtor states "Debtor has since surrendered the Vehicles to VFS and is no longer in possession of the Vehicles." Obj. ¶ 11. This too is evident of a fundamental misunderstanding of VFS's rights as to the Debtor. The *Debtor* did not surrender the Vehicles. *AIT Transport*, a non-debtor, surrendered the Vehicles.

16.     Debtor confuses VFS's rights in the Objection because, at the outset, Debtor impermissibly attempted to modify the rights of VFS as if AIT Transport was the Debtor, rather than Sergey Anatolievich Pikalov.

17.     VFS has always been entitled to an unsecured claim against the Debtor's estate in the amount due under the Contract with AIT Transport due to the Guarantee.

18.     VFS's claim has simply been reduced by the proceeds of the sale of the Vehicles because AIT Transport's obligation under the Contract has been reduced by the proceeds of the sale of the Vehicles. As a result, so too reduced is the obligation of the Debtor as guarantor.

19.     There are no grounds for VFS to be denied an unsecured claim in the amount of the deficiency pursuant to the Guarantee because AIT Transport voluntarily surrendered its interest in the Vehicles.

20.     Indeed, the Debtor cites no authority that permits a Debtor-guarantor to eliminate the claim of an unsecured creditor due to a third-party surrendering collateral in partial satisfaction of the contract underlying a guarantee.

21.     Even if AIT Transport was the debtor in the instant case (see Vol. Pet., Dkt. 1), which it is not, and the Vehicles were property of the estate, which they are not (see Order, Dkt. 31), VFS would still be entitled to an unsecured claim after the liquidation of the Vehicles because VFS did not expressly consent to surrender of the Vehicles in full satisfaction of Claim 9-1.

WHEREFORE, VFS prays for the Court to overrule the Objection and to grant such other and further relief as the Court deems just and proper.

Dated: March 20, 2026                  WOMBLE BOND DICKINSON (US) LLP

/s/ Jason D. Wyman
Jason D. Wyman (Fed. I.D. 11294)
550 South Main Street, Suite 400
Greenville, South Carolina 29681
T: (864) 255-5400
E: jason.wyman@wbd-us.com

*Counsel for Volvo Financial Services, a division of VFS US LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that he is over eighteen (18) years of age and that a copy of the

## RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIM

was this day served upon the below-named persons, parties, and/or counsel by depositing a copy thereof in the United States Mail, First Class, postage prepaid, to the addresses shown below, or by CM/ECF:

> Sergey Anatolievich Pikalov
> 619 Meadow Grass Lane
> Lexington, SC 29072
> *Debtor*
>
> Jason T. Moss
> Attorneys for Debtor
> *Via CM/ECF*
>
> Onslow Bay Financial LLC
> c/o MCCALLA RAYMER LEIBERT PIERCE, LLP
> Bankruptcy Department
> 1544 Old Alabama Road
> Roswell, GA 30076
> *Via CM/ECF*
>
> Dawn M. Hardesty
> Trustee
> *Via CM/ECF*
>
> Office of the United States Trustee
> *Via CM/ECF*

Dated:  March 20, 2026                    WOMBLE BOND DICKINSON (US) LLP

                                          /s/ Jason D. Wyman
                                          Jason D. Wyman (Fed. I.D. 11294)